[L. A. No. 5274.   Department One.—October 25, 1919.]

CHING WING, as Administrator, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—RUNNING OF TRAIN OVER BODY LYING ON TRACK— NEW TRIAL—LACK OF CARE—SUFFICIENCY OF EVIDENCE.—An order granting a new trial, in an action for damages for death alleged to have been caused by the negligence of a railroad company in propelling its engine over the body of the deceased while lying on the track, cannot be disturbed on appeal, where the record shows ample evidence to indicate that the engineer in charge, if he had exercised due care, could have seen the deceased in ample time to have stopped the train.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   Louis W. Myers, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellants.

Harry M. Irwin and Waldo M. York for Respondent.

SHAW, J.—This is an action for damages for the death of decedent, Wong On King, alleged to have been caused by the

conduct of the defendant in negligently propelling its engine along Alameda Street in the city of Los Angeles, at a street crossing, over his body then lying on the railroad track, where he had been thrown by a passing automobile. A verdict was given for the defendant and the court below granted a new trial.

[1]   The only point assigned for reversal is that the evidence did not justify the order granting a new trial, that is, that on the evidence, as given, the verdict should have been for the defendant as matter of law. The record shows ample evidence to indicate that the engineer in charge of the train, if he had exercised due care, could have seen the deceased lying on the track in ample time to have stopped the train. Under these circumstances we cannot disturb the order of the court granting a new trial.

The order is affirmed.

Lawlor, J., and Olney, J., concurred.